**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30156 |
| Plaintiff-Appellee, | D.C. No. 3:91-cr-00072-SI-1 |
| v. | |
| GREGORY LEFERRALL WARREN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 8, 2017[**]
Portland, Oregon

Before:  TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

Gregory Leferrall Warren appeals the district court's judgment revoking

supervised release, imposing a time-served sentence, and ordering an additional

term of supervised release.  Warren contends that the district court lacked subject

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

matter jurisdiction over the revocation proceedings, and erred in denying his motion to dismiss on that basis. In 2001, Warren began a three-year term of supervised release. Less than one year into his term, Warren absconded. He was subsequently apprehended and remained incarcerated from 2002 until 2016. In response to Warren's absconding, Warren's probation officer filed a petition with the district court for a warrant and order to show cause why supervised release should not be revoked. The petition was granted on February 27, 2002.

In 2004, the district court *sua sponte* issued an Order Withdrawing Warrant and Order to Show Cause. Importantly, the order stated that the warrant and order to show cause were withdrawn "until further order of the court." The district court reinstated the warrant and order to show cause in 2005.

Warren asserts that the district court's order withdrawing the warrant ended any term of supervised release, and thus the district court lacked jurisdiction to reinstate the order. However, a district court maintains jurisdiction to modify a term of supervised release at any point during the course of the supervised release period. *See* 18 U.S.C. § 3583(e)(2). And, under 18 U.S.C. § 3624(e), a term of supervised release is tolled "during any period in which the [supervised releasee] is imprisoned."

2

Because the district court's 2004 order was withdrawn "until further order of the Court," it was not a final order terminating supervised release. Because the period of supervised release was tolled while Warren was imprisoned, the district court retained jurisdiction to reissue the warrant and order to show cause in 2005. We therefore reject Warren's jurisdictional argument and his related due process argument.

Alternatively, Warren contends that reinstatement of the district court's order violated the Double Jeopardy Clause. We disagree. The Double Jeopardy Clause does not apply where, as here, the district court had not yet ruled on the revocation of Warren's supervised release when it reinstated the warrant. *See United States v. Lemus*, 847 F.3d 1016, 1023 (9th Cir. 2016) ("The Double Jeopardy Clause forbids a *second* trial . . .") (citation omitted) (emphasis added).

**AFFIRMED.**